Prob 12C
(Rev. 1/06 D/HI)

# ORIGINAL

## United States District Court

for the

### DISTRICT OF HAWAII



U.S.A. vs. ALBERT M. SANTIAGO                              Docket No. CR 03-00233HG-01

### REQUEST FOR COURSE OF ACTION
(Statement of Alleged Violations of Supervised Release)

COMES NOW ALYSA K. MAKAHANALOA, PROBATION OFFICER ASSISTANT OF THE COURT, presenting an official report upon the conduct and attitude of ALBERT M. SANTIAGO who was placed on supervision by the Honorable Helen Gillmor sitting in the Court at Honolulu, Hawaii, on the 1st day of December 2003, who fixed the period of supervision at three years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2. That the defendant is prohibited from possessing any illegal or dangerous weapons.

3. That the fine of $1,000 is due immediately and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income. Interest is waived while the defendant is serving his term of imprisonment and shall commence to accrue on any remaining balance upon release on supervision.

4. That the defendant provide the Probation Office and the Financial Litigation Unit of the U.S Attorney's office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

5. That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision.  Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

Prob 12C
(Rev. 1/06 D/HI)

2

| | |
|---|---|
| Modified Condition: | On 5/23/2008, the subject's conditions of supervised release were modified as follows: |
| General Condition: | That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two periodic drug tests thereafter but no more than eight valid drug tests per month during the term of supervision. |

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Alleged Violation(s) of Supervised Release

That the subject has violated the conditions of his Supervised Release (Probation Forms 7A and 12B attached) as follows:

1. On 6/30/2008 and 7/8/2008, the subject submitted urine specimens that tested positive for methamphetamine and the subject admitted to using methamphetamine on or about 6/29/2008 and 7/7/2008, in violation of the General Condition and Standard Condition No. 7.

Based on the above, the U.S. Probation Officer Assistant recommends that a Summons be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

Prob 12C
(Rev. 1/06 D/HI)

3

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[X] The Issuance of a Summons and that the subject be brought before the Court to show cause why supervision should not be revoked.

[ ] Other

        I declare under penalty of perjury that the foregoing is true and correct.

        Executed on   8/4/2008

ALYSA K. MAKAHANALOA
U.S. Probation Officer Assistant

Approved by:

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

---

ORDER OF COURT

THE COURT ORDERS the issuance of a Summons and that the subject be brought before the Court to show cause why supervision should not be revoked.

Considered and ordered this 4th day of August, 2008, and ordered filed and made a part of the records in the above case.

HELEN GILLMOR
Chief U.S. District Court Judge

Re:   **ALBERT M. SANTIAGO**
      **Criminal No. CR 03-00233HG-01**
      **REVOCATION OF SUPERVISED RELEASE**

## STATEMENT OF FACTS

The subject pled guilty to Distribution of Approximately 2.2 Grams of Methamphetamine, in violation of 21. U.S.C. §§ 841(a)(1) and (b)(1)(C). On 12/1/2003, the subject was sentenced to twenty-four (24) months imprisonment and three (3) years supervised release with the special conditions noted on the face sheet of the petition.

Prior to his release on supervision, the subject was oriented to the conditions and expectations of supervision. He was provided a copy of his supervision conditions. The subject's term of supervision commenced on 8/11/2005. He was subsequently referred to Hina Mauka for substance abuse counseling and drug testing. On 8/31/2006, the subject completed the substance abuse treatment program at Hina Mauka. Additionally, the subject satisfied the fine of $1,000 on 10/17/2005.

On 5/12/2008, our office received information that the subject was using methamphetamine. On 5/13/2008, the subject reported to the undersigned. When questioned about his possible drug use, the subject denied using any illicit substances. However, in light of U.S. v. Stephens, the undersigned was unable to collect a drug test from the subject as our office had already collected three (3) drug tests. In an effort to address this, on 5/23/2008, the Court modified the subject's supervision conditions to continue drug testing throughout the term of supervision.

**Violation No. 1 - On 6/30/2008 and 7/8/2008, the Subject Submitted Urine Specimens That Tested Positive for Methamphetamine and the Subject Admitted to Using Methamphetamine on or About 6/29/2008 and 7/7/2008:** On 6/30/2008, our office again received information that the subject was using methamphetamine. The undersigned immediately contacted the subject and instructed him to report to the Probation Office for a drug test. On 6/30/2008, the subject reported to the Probation Office and submitted a urine specimen. The subject's urine specimen was forwarded to Kroll Laboratories for testing of all illicit substances.

On 7/7/2008, the undersigned received notification that the subject's urine specimen submitted on 6/30/2008 was positive for methamphetamine. On 7/8/2008, the subject reported to the undersigned. When confronted with the positive drug test, the subject admitted to using methamphetamine on or about 6/29/2008 and 7/7/2008. The subject subsequently submitted a urine specimen. The specimen was tested with a non-instrumented drug testing device (NIDTD) and was found presumptive positive for methamphetamine. The subject's urine specimen was forwarded to Kroll Laboratories and was later confirmed positive for methamphetamine.

Re: **SANTIAGO, Albert M.**
**Criminal No. CR 03-00233HG-01**
**REVOCATION OF SUPERVISED RELEASE**
**STATEMENT OF FACTS - Page 2**

While discussing his drug use, the subject stated that in June 2008, he was laid off from his employment as an elevator installer. He stated that his income paid for two (2) mortgages on his home and his lack of employment could cause him to default on his mortgage payments. He acknowledged that his wife maintained her employment. However, the subject stated that he felt ashamed of depending upon his wife's income to support their five (5) children. After further discussion, the subject attributed his methamphetamine use to his lack of employment and subsequent financial difficulties.

With regard to employment, the subject stated that he has been placed on a list for possible employment through the Elevator Constructors Union. He remains unemployed at this time.

In response to his illicit drug use, the subject requested to return to Hina Mauka for substance abuse counseling. He was immediately enrolled at Hina Mauka for weekly counseling sessions and random drug testing. According to the subject's Hina Mauka counselor, the subject has been forthcoming with his drug use and financial difficulties.

Based on the seriousness of the subject's conduct, it is respectfully recommended that a Summons be issued for his appearance before the Court to address his violations.

Respectfully submitted by,

ALYSA K. MAKAHANALOA
U.S. Probation Officer Assistant

Approved by:

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

AKM/ct

Re:  **SANTIAGO, Albert M.**
     **Criminal No. CR 03-00233HG-01**
     **REVOCATION OF SUPERVISED RELEASE**
     **STATEMENT OF FACTS - Page 3**


**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

There do not appear to be any circumstances that warrant imposition of additional conditions at this time.

PROB 7A
(Rev. 9/00; D/HI 7/02)

Conditions of Probation and Supervised Release

# UNITED STATES DISTRICT COURT

## FOR THE

## DISTRICT OF HAWAII

To: **ALBERT M. SANTIAGO**
Address: ▉▉▉▉▉▉▉▉▉▉▉▉▉▉

Docket No. CR 03-00233HG-01

Under the terms of this sentence, the defendant has been placed on supervised release by the Honorable Helen Gillmor, U.S. District Judge for the District of Hawaii. The defendant's term of supervision is for a period of 3 years commencing 8/11/2005.

While on supervised release, the defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance.

If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

[X]   The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

**For offenses committed on or after September 13, 1994:**

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter.

[ ]   The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

**It is the order of the Court that the defendant shall comply with the following standard conditions:**

(1)   The defendant shall not leave the judicial district without the permission of the court or probation officer;

(2)   The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

(3)   The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4)   The defendant shall support his or her dependents and meet other family responsibilities;

(5)   The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

(6)   The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

(7)   The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8)   The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(9)   The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10)  The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

(11)  The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12)  The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13)  As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**The special conditions ordered by the Court are as follows:**

1.  That the defendant participate in a substance abuse program, which may include drug and alcohol testing, at the discretion and direction of the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

2.  That the defendant is prohibited from possessing any illegal or dangerous weapons.

3.  That the fine of $1,000 is due immediately and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income. Interest is waived while the defendant is serving his term of imprisonment and shall commence to accrue on any remaining balance upon his release on supervision.

4.  That the defendant provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

5.  That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

PROB 7A
(Rev. 9/00; D/HI 7/02)

RE:    ALBERT M. SANTIAGO
        Docket No. CR 03-00233-01

Conditions of Probation and Supervised Release
**(continued from previous page)**

     Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

     These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____      7/20/05
             ALBERT M. SANTIAGO, Defendant       Date

_____     7/20/05
MALIA L. EVERSOLE       Date
Senior U.S. Probation Officer

PROB. 12B
(7/93)

RECEIVED

'08 MAY 27 A10:43

U.S. PROBATION OFFICE
HONOLULU, HAWAII

United States District Court

for the

**DISTRICT OF HAWAII**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 27 2008

at /0 o'clock and 35 min. A M.
SUE BEITIA, CLERK

**Request for Modifying the Conditions or Term of Supervision
with Consent of the Offender**
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: ALBERT M. SANTIAGO          Case Number: CR 03-00233HG-01

Name of Sentencing Judicial Officer:   The Honorable Helen Gillmor
                                        Chief U.S. District Judge

Date of Original Sentence: 12/1/2003

Original Offense:   Distribution of Approximately 2.2 Grams of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), a Class C felony

Original Sentence:  Twenty-four (24) months imprisonment and three (3) years supervised release with the following special conditions:  1) That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office; 2) That the defendant is prohibited from possessing any illegal or dangerous weapons; 3) That the fine of $1,000 is due immediately and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income. Interest is waived while the defendant is serving his term of imprisonment and shall commence to accrue on any remaining balance upon release on supervision; 4) That the defendant provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office; and 5) That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

Type of Supervision: Supervised Release    Date Supervision Commenced: 8/11/2005

## PETITIONING THE COURT

[X]    To modify the conditions of supervision as follows:

*General Condition:*    *That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two periodic drug tests thereafter but no more than eight valid drug tests per month during the term of supervision.*

## CAUSE

The subject's term of supervision commenced on 8/11/2005. Prior to his release on supervision, he was oriented to the conditions and expectations of supervision. The subject was provided a copy of his supervision conditions. He was subsequently referred to Hina Mauka for substance abuse counseling and drug testing. On 8/31/2006, the subject completed the substance abuse treatment program at Hina Mauka.

As the Court is aware, United States v. Stephens (9th Cir. 2005) limited our office to collecting three (3) random drug tests outside of a substance abuse treatment program.

On 5/12/2008, a confidential source contacted the undersigned and reported that the subject was using methamphetamine. On 5/13/2008, the subject reported to the undersigned. When questioned about his possible drug use, the subject denied using any illicit substances. The undersigned was unable to collect a drug test from the subject as our office had already collected three (3) drug tests.

Considering the above circumstances, it is recommended that the Court amend the mandatory drug testing condition. The subject has a history of drug abuse, specifically the abuse of methamphetamine. The modification of this mandatory condition will provide the Probation Office with the ability to collect additional drug tests from the subject. If granted the modification, our office will be able to better monitor the subject and detect any possible relapse.

Prob 12B
(7/93)

3

Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release. The subject waives his right to a hearing and to assistance of counsel. The subject agrees to the modification of the conditions of supervised release. The subject's attorney and the U.S. Attorney's Office have been notified of the proposed modification and have no objections.

Respectfully submitted by,

ALYSA K. MAKAHANALOA
U.S. Probation Officer Assistant

Approved by:

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

Date: 5/23/2008

THE COURT ORDERS:

[X]  The Modification of Conditions as Noted Above
[ ]  Other

HELEN GILLMOR
Chief U.S. District Judge

5·23·08
Date

PROB 49
(5/96)

# United States District Court

## District of Hawaii

### Waiver of Hearing to Modify Conditions of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ X ]  To modify the conditions of supervision as follows:

General Condition:  That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two periodic drug tests thereafter but no more than eight valid drug tests per month during the term of supervision.

Witness: _____
ALYSA K. MAKAHANALOA
U.S. Probation Officer Assistant

Signed: _____
ALBERT SANTIAGO
Supervised Releasee

5/13/08
Date